MARIANNE C. ROSSI, ESQ. (SBN: 117377)
LAW OFFICES OF MARIANNE C. ROSSI
702 Marshall St., Suite 500
Redwood City, CA 94063
Telephone Number: (650) 364-7034

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FRANCIS CHAVEZ, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983) |
| vs. | |
| TRUCKEE POLICE OFFICERS MICHAEL LACKL, JASON LITCHIE, AND RETIRED POLICE CHIEF DAN BOONE, TRUCKEE POLICE DEPARTMENT AND THE TOWN OF TRUCKEE, RYAN WOESSNER, MICHAEL ANDERSON, CORI HIGBEE AND TRUCKEE FIRE BATTALION PROTECTION DISTRICT, CHIEF WILLIAM RUST AND THE CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION AND DOES 1 through 20, | |
| Defendants. | |

DEMAND FOR JURY TRIAL

Plaintiff alleges:

1. This is an action brought under 42 U.S.C. Section 1983 to recover damages against defendants, and each of them, for violation and deprivation of Plaintiff's rights to free speech, to be free from illegal search, seizure, arrest, imprisonment, physical

1
COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

violence, cruel and unusual punishment, humiliation, embarrassment, and intimidation, and thereafter prosecution based on false evidence, maliciously and intentionally fabricated by government agents and officials. Such rights are guaranteed and secured to Plaintiff as an individual under the United States Constitution, and particularly, under the provisions of First, Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. The jurisdiction of this court is predicated upon 28 U.S.C. Section 1331 and 1343.

3. Defendants, MICHAEL LACKL (hereinafter "LACKL") and JASON LITCHIE (hereinafter "LITCHIE") are now, and at all times herein mentioned were, duly appointed, employed and acting law enforcement officers of the TRUCKEE POLICE DEPARTMENT, and the TOWN OF TRUCKEE.

4. Defendant, DAN BOONE (hereinafter "BOONE") was at all times herein mentioned, the CHIEF OF POLICE, the TRUCKEE POLICE DEPARTMENT, THE TOWN OF TRUCKEE. Such Defendant is now retired. At all times herein mentioned, he was commanding officer of Defendants LACKL and LITCHIE and was responsible for the training, suspension, hiring, and conduct of said Defendants, LACKL and LITCHIE, as more fully set forth below. At all times mentioned herein, he was responsible by law for enforcing the regulations of the TRUCKEE POLICE DEPARTMENT and for insuring that police officers under his control, including Officers LACKL and LITCHIE, obeyed the laws of the State of California and the United States. He is sued in his official capacity as herein after alleged.

5. Plaintiff is informed and believes and thereon alleges the Defendant, TOWN OF TRUCKEE is a political subdivision within the State of California and at all times relevant hereto, employed the Defendants Officers LACKL, LITCHIE, and POLICE

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

1  CHIEF BOONE.

2      6. Plaintiff is informed and believes and thereon alleges that Defendants RYAN WOESSNER (hereinafter "WOESSNER"), CORI HIGBEE (hereinafter "HIGBEE"), and MICHAEL ANDERSON (hereinafter "ANDERSON") and TRUCKEE BATTALLION CHIEF, WILLIAM RUST are now, and at all times mentioned herein were, duly appointed officials of the State of California, employed by Defendant, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION in and for the Nevada-Yuba-Placer County Ranger Unit located in the TOWN OF TRUCKEE.

9      7. The Defendant, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION is an official department and agency of the State of California. As such, the State has supervisory control of the individual Defendants WOESSNER, HIGBEE, ANDERSON, and RUST.

13      8. Plaintiff, EDWARD FRANCIS CHAVEZ, is a citizen of the United States of America, and a resident of the City of Reno, County of Washoe, State of Nevada.

15      9. Venue is proper under this action based on 28 U.S.C. Section 1391(b), as Plaintiff is informed and believe and thereon alleges that the defendants and each of them, now, and at all times mentioned were residents of the County of Nevada and substantially all of the events giving rise to this action occurred in the County of Nevada, State of California.

20      10 Defendants, LACKL, LITCHIE, and POLICE CHIEF BOONE, were at all times herein mentioned in the complaint acting in the course and scope of their employment with the TRUCKEE POLICE DEPARTMENT and the TOWN OF TRUCKEE.

24      11. Plaintiff is informed and believe and thereon alleges that Defendants, WOESSNER, HIGBEE, ANDERSON and RUST were, at all times herein mentioned,

3

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

acting in the course and scope of their employment with the Defendant, CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, in and for the Nevada-Yuba-Placer Ranger Unit and Truckee Fire Protection District, and the State of California.

12. The acts of the individual Defendants herein described were done by Defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, the TOWN OF TRUCKEE and/or under the authority of their office as law enforcement officers and/or public servants employed by the State of California to protect the public peace and safety.

13. On or about July 4, 2003, Plaintiff, together with his wife and children, attended the Fourth of July firework display presented at Donner Lake by the Town of Truckee, in the County of Nevada, State of California. Due to the popularity of the display, all of the designated parking areas for the display as well as Donner Lake Road, which accessed the display area, were all heavily congested and thick with bumper to bumper traffic immediately after display ended and at all times herein mentioned.

14. Plaintiff is informed and believes and thereon alleges that, in order to provide for public safety at the display and to protect against fire, THE TOWN OF TRUCKEE, through the aide of Defendant, POLICE CHIEF BOONE, and TRUCKEE FIRE PROTECTION BATTALLION CHIEF RUST, arranged for the placement of law enforcement and emergency safety personnel, including, but not limited to each individual Defendant identified above, to be present in or about Donner Lake. In addition, the TRUCKEE POLICE DEPARTMENT, had set up temporary command post for the police officers to operate at the Donner Lake fireworks display.

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

15. Immediately following the conclusion of the fire works display, Plaintiff, together with the rest of the crowd that had driven their vehicles to the area to watch the display, returned to his vehicle to drive his family home. After inching his way through the parking gridlock, he began to merge onto a likewise gridlocked Donner Pass Road in front of the Fire Engine manned by Defendants, WOESSNER, HIGBEE and ANDERSON.

16. Apparently angered, said Defendants began shouting and swearing at Plaintiff, in front of his Wife and children, while defendant WOESSNER drove the Engine Forward to within inches of Plaintiff's vehicle and attempted to prevent Plaintiff from entering the road in front of him. Surprised and offended by their actions, Plaintiff shouted back "Where's the fire?" and, proceeded to maneuver his vehicle in front of the Engine and onto Donner Pass Road.

17. Plaintiff is informed and believes and thereon alleges that immediately thereafter, said defendants advised FIRE CHIEF RUST of the incident and, together, said defendants determined to abuse their authority, power, and public office by arranging for the TRUCKEE POLICE DEPARTMENT to radio to all officers in the area a "BOLO", ( i.e. "Be on the Lookout") for Plaintiff, the code for a grevious and threatening suspect, which said defendants knew would guarantee Plaintiff, and his family, a wholly unjustified and potentially dangerous encounter with the police. Plaintiff is further informed and believes and thereon alleges that shortly thereafter, said defendants spotted Police Officer LACKL walking by the Engine, flagged him down and secured his cooperation and participation in their plan to get back at Plaintiff for the incident and arranged with him to injure Plaintiff as hereinafter described.

18. In furtherance of the scheme to retaliate against Plaintiff and cause him harm, Defendant LACKLwalked up to Plaintiff's vehicle and directed Plaintiff to drive his

5

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

vehicle to the shoulder of the road.   When Plaintiff asked why, since his car was and had been at a substantial standstill on the roadway, defendant LACKL refused to answer or respond except to demand that Plaintiff pull his vehicle off the road.

19.   Plaintiff complied with Defendant LACKL's directive, pulled his vehicle to the side of the road and stopped in response to the evident authority of Defendant LACKL, who was at all times mentioned herein wearing the official uniform, insignia and badge of the Defendant TRUCKEE POLICE DEPARTMENT and TOWN OF TRUCKEE.

20.   Next, Defendant LACKL demanded that Plaintiff exit and walk with him to the rear of Plaintiff's vehicle. Again, Plaintiff asked why he was being stopped and again he received no response. Plaintiff exited as ordered and proceeded to the rear of the vehicle as directed. LACKL then asked Plaintiff for his license. .As Plaintiff proceeded to retrieve his license, without warning, LACKL grabbed Plaintiff's arm and spun him around so Plaintiff's back was to him, and placed Plaintiff's hands and fingers in a painful lock behind his back. Plaintiff jerked away in defense, and asked what LACKL was doing and why. LACKL told Plaintiff he had to check him for weapons. Plaintiff replied he would cooperate and that there was no reason to hurt him. As Plaintiff complied, LACKL grabbed Plaintiff's arms and wrists, spun him around and placed him in a wrist lock even more painful and more forcibly than the first one. Again, Plaintiff jerked away to defend himself and loudly asked LACKL not to hurt him.

21.   Seeing her husband's distress, Plaintiff's wife exited the car to protest LACKL'S brutality. She was ordered back to the car by LACKL'S partner as the partner moved towards her. As soon as the partner's back was turned, defendant LACKL grabbed Plaintiff's wrists, spun him into an even more painful and immobilizing wrist lock, and kicked Plaintiff in the back of the knee cap causing Plaintiff to fall to his knees on the ground, where LACKL then handcuffed Plaintiff and rendered Plaintiff helpless to

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

1 defend himself. LACKL then shoved Plaintiff's face into the ground by pulling Plaintiff
2 from his long hair, and smashed Plaintiff's prescription eyeglasses into pieces.
3    22. LACKL then dragged Plaintiff to his feet and began to walk him toward the
4 Command Post to ostensibly process his arrest. Justifiably provoked by the brutal
5 attack, Plaintiff asked LACKL if he felt like a big man and told LACKL that Plaintiff's little
6 girl could beat him up. With that, LACKL spun the helpless and handcuffed Plaintiff to
7 face him and sprayed Plaintiff from a distance of less than six inches in the eyes and
8 face for a full three seconds with pepper spray. As soon as Plaintiff began to feel the
9 burn from the excessive dose of pepper spray used by LACKL on him, he began jerking
10 and writhing in pain from the chemical burn to his eyes and face. Immediately, Plaintiff
11 was jumped by Defendant LITCHIE and several other police officers, who had
12 witnessed without action the preceding events, and who helped drag Plaintiff back to
13 the ground and otherwise battered and abused Plaintiff at LACKL'S directive while the
14 dangerous chemicals burned his face and eyes.
15    23. In doing the things hereinabove alleged Defendants and each of them acted
16 knowingly, deliberately, maliciously, and with the intent and purpose of causing physical
17 injury to Plaintiff, and humiliating and embarrassing Plaintiff in front of the Defendant fire
18 fighters, WOESSNER, HIGBEE, and ANDERSON and to retaliate against Plaintiff's
19 conduct and speech, to which the Defendant fire fighters had taken offense, and for the
20 further purpose of humiliating and embarrassing Plaintiff in the presence of his family
21 and other members of the public present at the scene.
22    24.  While Defendant LACKL engaged in the battery described above, Defendant
23 LITCHIE actively joined in and participated by physically abusing Plaintiff as well.  At all
24 times herein mentioned, Defendants, and each of them identified above, including all
25 Defendant law enforcement personnel, knew that Plaintiff had committed no crime and

1  had engaged in no activity to justify his stop, arrest and the use of excessive force upon
2  him.  Thus, said Defendants intentionally and willfully engaged in the illegal deprivation
3  of Plaintiff's rights with the intent to cause Plaintiff to suffer physical injury and public
4  humiliation.
5         25.  After assaulting and battering Plaintiff, and completing the "search" upon his
6  person as above described, and after causing Plaintiff to suffer great physical injury
7  from the pepper spray, Plaintiff was forcibly taken from his family to the command post
8  where, other Officers not named herein, gave emergency treatment to his eyes, which
9  had been severely burned by the pepper spray that Defendant LACKL had used without
10 justification or cause in such a grossly negligent fashion.
11        26.  Thereafter, Plaintiff was unlawfully detained in jail until bail was posted, all
12 without warrant, probable cause, or any willful cause whatsoever.
13        27.  At the direction of Defendant LACKL, Plaintiff was booked on a violation of
14 Penal Code Section 148 P.C. and compelled to submit to finger printing and
15 photographing of his person by personnel in the employ of the TRUCKEE POLICE
16 DEPARTMENT, TOWN OF TRUCKEE, State of California.  Such personnel were using
17 facilities present at the jail of the Town, which facilities were owned and maintained by
18 the Town for the use and benefit of its police department.
19        28.  Subsequently, Defendants, and each of them, willfully conspired together to
20 distort, falsify, and knowingly create false statements, reports and evidence for the sole
21 purpose of avoiding their own civil liability for the unlawful deprivation of Plaintiff's civil
22 rights and other illegal activity engaged in by the Defendants, and each of them as
23 described above.
24        29. As a direct and proximate result of Defendants' further actions in distorting,
25 falsifying, and providing knowingly false statements, reports and evidence, the District
26
COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)
27

Attorney for the TOWN OF TRUCKEE, filed a criminal complaint against Plaintiff, charging Plaintiff with resisting arrest of Officer LACKL, for which action, Plaintiff was forced to expend monies, to engage the services of an attorney to defend himself, and otherwise suffered monetary injuries and losses.

30. Following the trial at which each individual Defendant identified above knowingly provided false evidence to the jury, in or about January 9 2004, the complaint against Plaintiff was dismissed following a hung jury verdict, 10 to 2 in Plaintiff's favor. The dismissal of the complaint by the District Attorney constitutes a favorable termination of the underlying criminal charge.

## FIRST CAUSE OF ACTION

31. Plaintiff re-alleges and incorporates by references the allegations set forth above as though fully set forth herein.

32. By reason of the conduct of Defendants, and each of them, as enumerated above, including that of unlawful and illegal conspiracy to retaliate against Plaintiff for the exercise of free speech, the subsequent unlawful arrest, battery, imprisonment, and the falsification of information to cover Defendants' illegal actions described above, Plaintiff has sustained monetary damages and other injuries as described herein.

33. In addition, by reason of the conduct of Defendants, and each of them, and, in particular, of Defendant LACKL, Plaintiff suffered serious physical injuries, including but not limited to a chemical burn on and about the area of his eyes and face from the grossly negligent use of pepper spray for which Plaintiff incurred medical expense and pain, suffering, humiliation, and embarrassment, all to his general and special damage in a sum according to proof at trial.

34. The conduct of Defendants, and each of them, as enumerated above, deprived Plaintiff of the following rights, privileges and immunities secured to Plaintiff by

the Constitute of the United States:

   a. the right of Plaintiff to speak freely, guaranteed to him under the First Amendment to the Constitution of the United States;.

   b. the right of Plaintiff to be secure in his person and effects against unreasonable search and seizure guaranteed to him under the Fourth and Fourteenth Amendments to the Constitution of the United States.

   c. the right of Plaintiff to be informed of the nature and cause of the accusation and charge against him, secured to Plaintiff under the Sixth and Fourteenth Amendments to the Constitution of the United States.

   d. the right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured to him by the Fourteenth Amendment to the Constitution of the United States.

34. In addition, the conduct of Defendant LACKL, including, but not limited to LACKL'S grossly negligent use of pepper spray so as to inflict a severe chemical burn to Plaintiff's eyes and face, and battery upon Plaintiff as herein above alleged, constituted cruel and unusual punishment to Plaintiff and punishment grossly disproportionate to whatever Plaintiff's actions may have been, and thereby deprived him of the right to due process of law under the laws of the Constitution of the United States and in particular, under the Fifth, Eighth and Fourteenth Amendments thereto. The battery perpetrated upon Plaintiff was unwarranted, cruel, unjustifiable and excessive.

WHEREFORE, Plaintiff prays for Judgment as more particularly set forth below.

### SECOND CAUSE OF ACTION

35. Plaintiff re-alleges and incorporates by reference the allegations set forth above as though fully set forth herein.

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

1   36. Plaintiff is informed and believes and thereon alleges that the Defendants
2   TOWN OF TRUCKEE, TRUCKEE POLICE DEPARTMENT and POLICE CHIEF
3   BOONE, at all times herein mentioned had endorsed an unwritten policy encouraging,
4   authorizing and permitting the wholesale harassment and disregard of civil rights
5   amongst certain individuals whom such Defendants considered 'trouble makers" and
6   had designated the "Truckee Crew".  Plaintiff is informed and believes that he had been
7   designated a member of this Truckee Crew.  Plaintiff further alleges that Officer LACKL
8   was aware of Plaintiff's designation as a member of the Truckee Crew at all times
9   herein mentioned.
10   37. Plaintiff alleges that Officer LACKL, willfully, maliciously, intentionally and
11   without any justification whatsoever, employed pepper spray for a full three seconds into
12   Plaintiff's face, and thus committed a battery on the Plaintiff and inflicted serious injuries
13   upon him, for which medical treatment was administered, and from which Plaintiff
14   suffered a severe chemical burn to his eyes and face.
15   38. Plaintiff was helpless, cooperative, and posed no threat to Defendants or the
16   public safety in any manner whatsoever.
17   39. Defendant LACKL employed the pepper spray on Plaintiff without just or
18   legal cause, and thereby violated Plaintiff's right under the laws and the Constitution of
19   the United States, and in particular, the Fourteenth Amendment.  In employing the
20   pepper spray for a full three seconds to the face of Plaintiff, Defendant Officer LACKL
21   violated the rules and regulations of the TRUCKEE POLICE DEPARTMENT regarding
22   the use of excessive force.
23   40. As a direct and proximate result of the above described willful and malicious
24   acts of Defendant, LACKL, all committed under color of his authority as a Truckee
25   Police Officer and/or acting in that capacity, Plaintiff suffered bodily harm and extreme

pain, all of which is a violation of his right under the laws and Constitution of the United States and in particular, the Fifth, Eighth and Fourteenth Amendments.

41.  The failure of the Defendant, TOWN OF TRUCKEE, the TRUCKEE POLICE DEPARTMENT, and POLICE CHIEF BOONE to provide training and supervision regarding the lawful use of pepper spray given to their police officers amounts to gross negligence and a deliberate indifference for the safety and lives to the citizens of the TOWN OF TRUCKEE.

42.  Further, by adopting a policy encouraging law enforcement personnel to harass those individuals designated the Truckee Crew and condoning otherwise unlawful police conduct, THE TOWN OF TRUCKEE, THE TRUCKEE POLICE DEPARTMENT and POLICE CHIEF BOONE, were grossly negligent and exhibited deliberate indifference for the safety and lives of individuals guaranteed protection under the Constitution of the United States.

43.  Defendants TOWN OF TRUCKEE, TRUCKEE POLICE DEPARTMENT and POLICE CHIEF BOONE, are directly liable and responsible for the acts of the Defendant LACKL because they knowingly failed to enforce the laws of the State of California and the regulations of the TRUCKEE POLICE DEPARTMENT pertaining to the use of force and the proper procedures for arrest of those individuals whom they had designated members of the Truckee Crew by the TOWN OF TRUCKEE's police officers, thereby creating with the TRUCKEE POLICE DEPARTMENT, an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence and unlawful arrest and detentions of members of the Truckee Crew in the belief that such acts will be condoned and justified by their superiors.  Defendant TOWN OF TRUCKEE and POLICE CHIEEF BOONE were and should have been aware of these unlawful acts and practices prior to and at the time that Plaintiff suffered the injuries in

or about July 4, 2003.

44. Further, Plaintiff alleges that Defendants TOWN OF TRUCKEE, TRUCKE POLICE DEPARTMENT and POLICE CHIEF BOONE, are directly liable and responsible for the acts of all individual Defendant officers identified herein because they permitted, encouraged, endorsed and thereby ratified the misconduct of the TRUCKEE POLICE DEPARTMENT and specifically, the misconduct of Defendants LACKL and LITCHIE by adopting the unwritten discriminatory policy of depriving Plaintiff, as a member of the Truckee Crew, of his civil rights and liberties given by the Constitution , and rewarding officers or failing to discipline officers for harassing such persons and depriving such persons of their civil rights and liberties under the color of law.  Such policy created and encouraged lawless and illegal conduct by police officers employed by the TOWN OF TRUCKEE and in the TRUCKEE POLICE DEPARTMENT and was the proximate cause of the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

1. for compensatory damages in an amount to be determined according to proof at trial;

2. for punitive damages in an amount to be determined by this court;

3. for reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

4. for costs of suit incurred in this action; and

5. for such other and further relief as the court deems just and proper.

                            Respectfully submitted,

                            LAW OFFICES OF MARIANNE C. ROSSI

                            By:_____
                            MARIANNE C. ROSSI

13

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)

Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff, EDWARD FRANCIS CHAVEZ hereby demands a jury trial.

Dated: June 30, 2005

Respectfully submitted,

LAW OFFICES OF MARIANNE C. ROSSI

By: _____
MARIANNE C. ROSSI

COMPLAINT FOR DAMAGES (42 U.S.C. Section 1983)