IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD FRANCIS CHAVEZ, | ) | 2:05-cv-01334-GEB-KJM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| TRUCKEE POLICE OFFICERS MICHAEL | ) | |
| LACKL, JASON LITCHIE, and RETIRED | ) | |
| POLICE CHIEF DAN BOONE, TRUCKEE | ) | |
| POLICE DEPARTMENT, and the | ) | |
| TOWN OF TRUCKEE,[1] | ) | |
| | ) | |
| Defendants. | ) | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES
WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND
PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER
MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS

---

[1]     The caption has been amended to reflect the dismissal of the
following defendants.  Ryan Woessner, Michael Anderson, and Cori Higbee
were dismissed by the Order filed November 16, 2005; and Does 1 through
20 are dismissed according to the "Dismissal of Doe Defendants" portion
of this Order.  Further, Defendants Truckee Fire Battalion Protection
District and Chief William Rust are dismissed because of the following
statement in the Further Joint Status Report filed November 28, 2005:
"All other individual Defendants, inclusive of Truckee Fire Battalion
Protection District . . . and Chief William Rust have been voluntarily
dismissed."

WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for December 12, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report and available dates.

<u>DISMISSAL OF DOE DEFENDANTS</u>

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 20 are dismissed.  <u>See</u> Order Setting Status (Pretrial Scheduling) Conference filed July 1, 2005, at 2 n.2 (indicating that if Plaintiff failed to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

<u>SERVICE OF PROCESS</u>

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

<u>JOINDER OF ADDITIONAL PARTIES/AMENDMENT</u>

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

<u>DISCOVERY</u>

(a)  All discovery shall be completed by November 22, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has

been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

(b)   Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before June 22, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before July 24, 2006.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be January 22, 2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

_____

[2]   The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

[3]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1        (1)  The Court is presented with newly discovered evidence

2  that could not reasonably have been discovered prior to the filing of

3  the party's motion or opposition papers;

4        (2)  The Court committed clear error or the initial decision

5  was manifestly unjust; or

6        (3)  There is an intervening change in controlling law.

7  A motion for reconsideration based on newly discovered evidence shall

8  set forth, in detail, the reason why said evidence could not

9  reasonably have been discovered prior to the filing of the party's

10  motion or opposition papers.  Motions for reconsideration shall comply

11  with Local Rule 78-230(k) in all other respects.

12        The parties are cautioned that an untimely motion

13  characterized as a motion in limine may be summarily denied.  A motion

14  in limine addresses the admissibility of evidence.

15                  FINAL PRETRIAL CONFERENCE

16        The final pretrial conference is set for March 19, 2007, at

17  1:30 p.m.  The parties are cautioned that the lead attorney who WILL

18  TRY THE CASE for each party shall attend the final pretrial

19  conference.  In addition, all persons representing themselves and

20  appearing in propria persona must attend the pretrial conference.

21        The parties are warned that non-trialworthy issues could be

22  eliminated sua sponte "[i]f the pretrial conference discloses that no

23  material facts are in dispute and that the undisputed facts entitle

24  one of the parties to judgment as a matter of law."  Portsmouth Square

25  v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

26        The parties shall file a JOINT pretrial statement with the

27  Court not later than seven (7) days prior to the final pretrial

28

conference.[4]  The joint pretrial statement shall specify the issues
for trial.  The Court uses the parties' joint pretrial statement to
prepare its final pretrial order and could issue the final pretrial
order without holding the scheduled final pretrial conference.  <u>See</u>
<u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
requirement that the court hold a pretrial conference.").  The final
pretrial order supersedes the pleadings and controls the facts and
issues which may be presented at trial.  Issues asserted in pleadings
which are not preserved for trial in the final pretrial order cannot
be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
<u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
issue omitted from the pretrial order is waived, even if it appeared
in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
(D.D.C. 1995) (refusing to modify the pretrial order to allow
assertion of a previously-pled statute of limitations defense);
<u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
(indicating that "[a]ny factual contention, legal contention, any
claim for relief or defense in whole or in part, or affirmative matter
not set forth in [the pretrial statement] shall be deemed . . .
withdrawn, notwithstanding the contentions of any pleadings or other
papers previously filed [in the action]").

---

[4]     The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

<u>If possible, at the time of filing the joint pretrial</u>
<u>statement counsel shall also email it in a format compatible with</u>
<u>WordPerfect to: geborders@caed.uscourts.gov</u>.

SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  The
parties shall address in their joint pretrial statement whether they
wish to have a judge-assisted settlement conference.  If counsel wish
the Magistrate Judge to act as settlement judge, written stipulations
to this effect which waive the judge's disqualification from later
acting as the discovery judge must be filed prior to the scheduling of
the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish
to participate in Court-assisted settlement prior to the final
pretrial conference, they should contact the Deputy Clerk.

TRIAL SETTING

Trial is set for June 12, 2007, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of
Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**
**not be modified except by leave of Court upon a showing of good cause.**
**Counsel are cautioned that a mere stipulation by itself to change**
**dates does not constitute good cause.**

IT IS SO ORDERED.

DATED:  December 5, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge